**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MARCELLUS THOMAS, | |
| Petitioner, | Civil No. 06-285 (FLW) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

> MARCELLUS THOMAS, Petitioner pro se
> #29957-053
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey 08320

**WOLFSON, District Judge**

This matter is before the Court on the petition of Marcellus Thomas ("Thomas") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging his federal sentence as imposed in 2001. His projected final release date is June 16, 2016. For the reasons

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

set forth below, the Court will dismiss the petition without prejudice.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On August 16, 2001, Thomas was sentenced by a federal district court[2] to an enhanced prison term of 214 months following his guilty plea for bank robbery, aiding and abetting, and using, carrying, and brandishing a firearm during a crime of violence.  He seeks a reduction of his sentence on the grounds that he did not actually use or carry a gun, the basis for his weapon enhancement under 18 U.S.C. § 924(c), and that his career offender status was unconstitutionally used to enhance his sentence.

Thomas does not indicate whether he had filed a direct appeal from his sentence, or whether he filed a motion to vacate, correct, or modify his sentence under 28 U.S.C. § 2255, with respect to the claims he is now raising.  He acknowledges that the appropriate form of relief is via a § 2255 motion, but argues that he is relieved from the gatekeeping requirements under §

---

[2] Petitioner does not identify the district court in which he was convicted and sentenced. However, a docket search for the District of New Jersey confirms that Thomas was not convicted and sentenced in this district.

2255 pursuant to In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) and Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).  In particular, Thomas alleges that his Sixth Amendment rights were violated by judicial fact-finding at sentencing, that his sentence enhancement therefore was erroneous, and that the savings clause of 28 U.S.C. § 2255 permits him to proceed under § 2241.  Petitioner cites United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, in support of his argument that the sentence imposed is invalid.[3]

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28

---

[3] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted.) Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claims

Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the

manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi. See Okereke, supra (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  See also United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (holding that Apprendi does not apply retroactively to cases on collateral review), cert. denied, 540 U.S. 977 (2003); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same).

Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005).  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005)

(unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).[4]  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[5]

Here, Thomas does not tell the Court why resort to § 2255 is inadequate or ineffective.  There is no indication that he has filed a § 2255 previously.  It is also unclear, if Thomas has not filed a § 2255 motion before, whether it is now time-barred (Thomas provides no information as to whether he filed a direct appeal from his sentence).  Under these circumstances, it appears that petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 here does not render it an inadequate or ineffective remedy with respect to the claims he now asserts in this Petition.

This Court also finds petitioner's claim that the Dorsainvil exception applies because he is "actually innocent" of the weapon

---

[4]  Blakely v. Washington, 542 U.S. 296 (2004), also is not retroactively applicable to cases on collateral review.  See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to cases on collateral review), cert. denied, 126 S.Ct. 731 (2005).

[5]  Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

enhancement under § 924(c) to be disingenuous and contrived.  In fact, Thomas admits that he pled guilty to the weapons charge, and cannot now claim actual innocence.  See Schlup v. Delo, 513 U.S. 298, 321 (1995)(an "actual innocence" claim does not apply to those whose guilt is conceded or plain).  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

   Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  If this is a second or successive § 2255 motion, the action may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

   Here, Thomas fails to identify the district in which he was convicted and sentenced that would enable this Court to transfer the case to the appropriate district court, in the event the § 2255 motion is not time-barred, or the appropriate Circuit Court of Appeals, if this action is a second or successive § 2255 motion.  Accordingly, the Court is constrained to dismiss the Petition without prejudice.

III.  CONCLUSION

    For the reasons set forth above, the petition will be dismissed without prejudice.  An appropriate order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: March 29, 2006